**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| CHARICE SEARCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-24 (MTT) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Before the Court is the Recommendation of United States Magistrate Judge

Charles H. Weigle.  (Doc. 14).  The Magistrate Judge recommends affirming the

Commissioner of Social Security's decision to deny the Plaintiff's application for benefits

because the Commissioner's decision is based on the application of proper legal

standards and is supported by substantial evidence.  The Plaintiff has objected to the

Recommendation (Doc. 15), and the Commissioner has responded (Doc. 17).  Pursuant

to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and made a

*de novo* determination of the portions of the Recommendation to which the Plaintiff

objects.

Pursuant to 20 C.F.R. § 416.920, the ALJ evaluates whether a claimant is

disabled through a five-step process.  *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th

Cir. 2001) (describing the five-step process).  In her objection, the Plaintiff focuses on

the ALJ's findings and the Magistrate Judge's review of these findings at steps four and

five of the evaluation process.  At step four, the claimant must prove that his

"impairment prevents him from performing his past relevant work."  *Id.*  At step five, the

Commissioner must consider "the claimant's residual functional capacity, age,

education, and past work experience to determine whether the claimant can perform

other work besides his relevant work."  *Id.*  If the Commissioner can demonstrate at step

five "that there are jobs the claimant can perform," and the claimant cannot show he is

"unable to perform those jobs," the claimant is not disabled.  *Jones v. Apfel*, 190 F.3d

1224, 1228 (11th Cir. 1999); *see also* 20 C.F.R. § 416.920(g)(1) ("If you can make an

adjustment to other work, we will find you not disabled.").  "These regulations place a

very heavy burden on the claimant to demonstrate both a qualifying disability and an

inability to perform past relevant work."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th

Cir. 2005).

Here, the Plaintiff has limited her objection to the Magistrate Judge's conclusions

(1) that the ALJ properly found at step four that the Plaintiff could return to her past

relevant work, despite the fact her past relevant work exceeded her residual functional

capacity, and (2) that the ALJ's findings at step five that the Plaintiff could work as a

laundry worker or hand packager render any error at step four harmless.[1]  With respect

to step four, the ALJ found the Plaintiff could perform jobs with higher specific vocational

preparation ("SVP") ratings than those proposed in the ALJ's residual functional

capacity finding.  In evaluating the ALJ's finding, the Magistrate Judge concluded the

"Plaintiff already has sufficient vocational preparation such that she could resume those

---

[1] Regarding the medical opinions of Dr. Giron and Dr. Brin, the Plaintiff states in her objection: "Given the additional issues concerning the opinion evidence of Drs. Giron and Brin covered elsewhere in the original brief, remand is also warranted."  (Doc. 15 at 4).  To the extent this statement can be construed as an objection, the Court agrees with the Magistrate Judge that the ALJ properly assessed the opinions of Dr. Giron and Dr. Brin.

jobs with little or no further preparation," and even if the ALJ erred at step four, that error is rendered harmless by the ALJ's findings at step five. (Doc. 14 at 8). The Plaintiff argues the ALJ erred in making her finding at step four and the Magistrate Judge erred in drawing his conclusion about this finding because the sole testimony on record from the vocational expert is that the Plaintiff cannot return to her past relevant work. (Doc. 15 at 1-2).

Even if the Court assumes the ALJ erred in her findings at step four and the Plaintiff cannot resume her past relevant work, the Plaintiff is not disabled if the ALJ determines at step five that "there is other work available in significant numbers in the national economy that the claimant has the ability to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). At step five, the ALJ found the Plaintiff is not disabled because she could perform work as a laundry worker or hand packager for which combined there are 2,000 jobs locally and 125,000 jobs nationally. The Plaintiff contends the ALJ's error in finding at step five that a laundry worker has an SVP rating of 4 is a serious error. Though a laundry worker has an SVP rating of 2, such a clerical error is not grounds for reversal.[2] Further, the Plaintiff does not contend she is unable to perform these jobs. Given the number of jobs available, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings at step five. *See Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (holding that substantial evidence supported the Secretary's finding that 174 local positions, 1,600 positions in the state, and 80,000 jobs nationwide showed a significant number of positions available for the

---

[2] It is clear from the Dictionary of Occupational Titles that a laundry worker has an SVP rating of 2. DICOT 361.684-014 (G.P.O.), 1991 WL 672983.

plaintiff to preclude him from being disabled).  Therefore, any error at step four is rendered harmless by the ALJ's findings at step five.

Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the Order of this Court.  The Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this 23rd day of February, 2015.

<div style="margin-left:40%;">

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

</div>